E-FILED
Friday, 11 August, 2017  05:54:22 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

-------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| GLORIA TAYLOR, individually and as Independent Administrator of the Estate of STEVEN TAYLOR, Deceased | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No._____ |
| CITY OF MILFORD, a Municipal Corporation, Officer JOSEPH GARRETT, individually And as agent; | ) ) ) ) | **Plaintiff Demands a Jury Trial** |
| Defendant. | ) ) ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, GLORIA TAYLOR, individually and as Independent Administrator of the Estate of STEVEN TAYLOR, Deceased, by and through her attorneys, ROMANUCCI & BLANDIN, LLC, and for Plaintiff's Complaint at Law against Defendants, CITY OF MILFORD and Defendant Officer JOSEPH GARRETT, pleading hypothetically and in the alternative, states as follows:

### JURY DEMAND

1. Plaintiff GLORIA TAYLOR, individually and as Independent Administrator of the Estate of STEVEN TAYLOR, Deceased hereby demands a trial by jury.

### INTRODUCTION

2. Plaintiff, GLORIA TAYLOR, individually and as Independent Administrator of the Estate of STEVEN TAYLOR, Deceased, brings this suit pursuant to the provisions of the Illinois Wrongful Death Act; the Illinois Survival Act; and 42 U.S.C. § 1983.

1

3. This cause of action arises out of interference and excessive force used to restrain Plaintiff STEVEN TAYLOR, resulting in his death, by Defendant JOSEPH GARRETT while operating under the color of law and in the course of his employment by Defendant CITY OF MILFORD on August 15, 2016 at Plaintiff STEVEN TAYLOR's home, in Milford, County of Iroquois, State of Illinois.

4. This cause of action is for money damages brought pursuant to 42 U.S.C. §1983 excessive force and 42 U.S.C. §1983 Monell claims and related state law claims against Defendant CITY OF MILFORD and Defendant Officer JOSEPH GARRETT.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§1331, and 1343, as well as supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. §1367(a), as those state law claims arise from the same case or controversy as the federal question in this matter, specifically 42 U.S.C. §1983.

6. Venue is proper in this Court under 28 U.S.C. §1391(b) because a substantial portion of the incidents, events, occurrences, and omissions giving rise to this action occurred in the Central District of Illinois.

## THE PARTIES

7. At all times relevant, Plaintiff's decedent, STEVEN TAYLOR, was a citizen of the United States and a resident of the City of Milford, County of Iroquois, State of Illinois.

8. At all times relevant, the administrator of Steven Taylor's estate, Plaintiff GLORIA TAYLOR, is and was a citizen of the United States and a resident the City of Milford, County of Iroquois, Illinois State.

9. On May, 12 2016, Plaintiff, GLORIA TAYLOR, was appointed as the Independent Administrator for the Estate of Steven Taylor by the Circuit Court of Iroquois County.

10. Plaintiff GLORIA TAYLOR is the widow and next of kin to decedent, STEVEN TAYLOR.

11. At all times relevant, Defendant, THE CITY OF MILFORD, is and was a municipal corporation organized under the laws of the State of Illinois.

12. At all times relevant, the Defendant, CITY OF MILFORD, a municipal corporation, maintained, as a division of said municipal corporation, a certain police department, commonly referred to as the Milford Police Department.

13. The Milford Police Department is located at 15 Southwest Avenue, Milford, County of Iroquois, Illinois State.

14. At all times relevant, Defendant Officer JOSEPH GARRETT was a Milford Police Officer employed by the Defendant CITY OF MILFORD.

15. At all times relevant, when Defendant Officer JOSEPH GARRETT engaged in the complained of conduct, he was acting under color of law and in the course of his employment as a Milford Police Officer.

## **FACTS**

16. On or about August 15, 2016 at approximately 9:18 AM, Plaintiff GLORIA TAYLOR was asleep on the couch in the residence she shares with STEVEN TAYLOR in Milford, County of Iroquois, State of Illinois.

17. At all times relevant, Decedent STEVEN TAYLOR was a diabetic.

18. STEVEN TAYLOR woke GLORIA TAYLOR up and told her his blood sugar was dropping.

19. GLORIA TAYLOR attempted to give STEVEN TAYLOR juice to bring his blood sugar level up, however STEVEN TAYLOR dropped the cup and his blood sugar dropped to below 20 mg/dL .

20. STEVEN TAYLOR began to have a symptoms related to a low blood sugar episode or a "sugar spell" resulting in feelings of dizziness and lightheadedness, feelings of anxiety, confusion, erratic behavior, shakes and tremors.

21. STEVEN TAYLOR fell into a computer chair.

22. STEVEN TAYLOR requested an intravenous delivery (hereinafter "IV") to bring up his blood sugar levels.

23. At all times relevant, STEVEN TAYLOR's nieces Serena Taylor and Shannon Taylor resided with GLORIA and STEVEN TAYLOR.

24. At approximately 9:19 AM, Serena Taylor woke Shannon Taylor up and told her STEVEN TAYLOR's blood sugar had dropped, and Shannon Taylor needed to get him juice to help elevate his blood sugar levels.

25. At approximately 9:18 AM, GLORIA TAYLOR called 911 and requested an ambulance and emergency medical technician (hereinafter "EMT").

26. At approximately 9:18 AM, GLORIA TAYLOR went outside to look for the EMT.

27. On or about August 15, 2016, at approximately 9:20 AM, Defendant Officer JOSEPH GARRETT, responded to a 911 call in regards to a diabetic having a low blood sugar episode.

28. At approximately 9:21 AM, Defendant Officer JOSEPH GARRETT arrived at the home of STEVEN TAYLOR and Plaintiff GLORIA TAYLOR.

29. In or around 2005, STEVEN TAYLOR suffered a heart attack.

30. In or around 2008, STEVEN TAYLOR underwent a triple bypass surgery.

31. On or around August 7, 2016, STEVEN TAYLOR was hospitalized with heart issues.

32. At the time of the incident, STEVEN TAYLOR was preparing for an upcoming heart stress test.

33. Serena Taylor informed Defendant Officer JOSEPH GARRETT that STEVEN TAYLOR was diabetic and he should be careful and that STEVEN TAYLOR had just been released from the hospital for heart issues, that he had a bad heart and not to "rile him up."

34. Defendant Officer JOSEPH GARRET was put on notice that STEVEN TAYLOR was at risk if he was approached aggressively.

35. Defendant Officer JOSEPH GARRETT asked if there were any guns in the house. GLORIA TAYLOR responded saying there were not.

36. STEVEN TAYLOR asked Defendant Officer JOSEPH GARRETT "Who are you and why are you here?"

37. At all relevant time hereto, STEVEN TAYLOR was not a threat to himself or others.

38. STEVEN TAYLOR felt heightened anxiety and emotional instability due to his low blood sugar.

39. Due to his low blood sugar, STEVEN TAYLOR was acting erratically, including making a fist with his hand and making contact with the wall.

40. STEVEN TAYLOR was not armed and at no time did he threaten or swing at Defendant Officer JOSEPH GARRETT.

41. Defendant Officer JOSEPH GARRETT approached STEVEN TAYLOR and placed his hands on him in an attempt to wrestle him to the ground.

42. STEVEN TAYLOR was upset by Defendant Officer JOSEPH GARRETT's presence and approach as he was having a medical attack and had not committed a crime.

43. STEVEN TAYLOR became very anxious and tense due to Defendant Officer JOSEPH GARRETT approaching him, but at no time did STEVEN TAYLOR hit, punch, strike, or otherwise batter Defendant Officer JOSEPH GARRETT.

44. At no time did STEVEN TAYLOR threaten Defendant Officer JOSEPH GARRETT.

45. Serena and Shannon Taylor witnessed Defendant Officer JOSEPH GARRETT wrestle with STEVEN TAYLOR. Serena and Shannon Taylor yelled, "get off him."

46. STEVEN TAYLOR was able to escape Defendant Officer JOSEPH GARRETT's hold, at which point, Defendant Officer JOSEPH GARRETT picked STEVEN TAYLOR up by his arms and his leg and tackled him face down into the bed, claiming it was to keep STEVEN TAYLOR from hurting himself.

47. While pinned face down, Serena Taylor yelled, "get off him, he can't breathe."

48. While pinned face down into the bed by Defendant Officer JOSEPH GARRETT, STEVEN TAYLOR said "I can't breathe."

49. At that time, Shannon Taylor observed blood on STEVEN TAYLOR's head that she had not observed previously.

6

50. Upon information and belief, Defendant Officer JOSEPH GARRETT's first attempt to tackle STEVEN TAYLOR caused him to start bleeding from the head.

51. While pinned down, STEVEN TALOR managed to lift his head off the bed and ask Serena Taylor to give him orange juice.

52. Defendant Officer JOSEPH GARRETT blocked Serena Taylor with his hand and refused to allow her to give STEVEN TAYLOR orange juice.

53. While pinned face down into the bed and held down by Defendant GARRET, STEVEN TAYLOR vomited, aspirated on his vomit and went into cardiac arrest.

54. Shannon Taylor and Serena Taylor were screaming as STEVEN TAYLOR went into cardiac arrest and witnessed him look up from the bed and attempt to pull a blanket to cover the side of his face just prior to passing out from asphyxiation and cardiac arrest.

55. Plaintiff GLORIA TAYLOR exited the bedroom and went outside to look for the EMT for a second time.

56. At approximately 9:24 AM the ambulance arrived at the residence of Plaintiff GLORIA TAYLOR and STEVEN TAYLOR.

57. The EMTs entered the residence of Plaintiff GLORIA TAYLOR and STEVEN TAYLOR and approached STEVEN TAYLOR.

58. Defendant JOSEPH GARRETT then improperly performed CPR on STEVEN TAYLOR.

59. Defendant JOSEPH GARRETT failed to administer an insulin shot to STEVEN TAYLOR.

60. At or around 9:28 AM Officer Bennett arrived at the residence of Plaintiff GLORIA TAYLOR.

7

61. GLORIA TAYLOR informed Officer Bennett that STEVEN TAYLOR was a diabetic having a "sugar spell" and was being battered by Defendant Officer JOSEPH GARRETT.

62. Officer Bennett proceeded to the bedroom door, stood in the doorway and witnessed STEVEN TAYLOR on the ground with vomit on his mouth.

63. GLORIA TAYLOR returned to the bedroom to see STEVEN TAYLOR on the floor with vomit on his mouth.

64. STEVEN TAYLOR was blue in the face

65. Officer Bennett yelled "give him CPR." Defendant Officer JOSEPH GARRETT said he was doing CPR. Officer Bennett responded saying, "that's not how you do CPR."

66. At that time, the EMTs determined to move STEVEN TAYLOR.

67. The EMTs dragged STEVEN TAYLOR from the bedroom through the hallway into the dining room.

68. The EMTs took a blood sample from the blood on STEVEN TAYLOR's head to test his blood sugar levels.

69. While transporting STEVEN TAYLOR, Plaintiff GLORIA TAYLOR yelled, through tears, "My husband is dead."

70. The EMTs let STEVEN TAYLOR's arms hang off the gurney while transporting him down the stairs and out of the house, nearly dropped him. The EMTs did not mediate the low blood pressure shocks.

71. At no point did the EMTs properly secure STEVEN TAYLOR to the transport gurney.

72. As the EMTs transported STEVEN TAYLOR out of the house, they said he was breathing.

73. The EMTs did not allow Plaintiff GLORIA TAYLOR to ride in the ambulance with Plaintiff STEVEN TAYLOR.

74. On or about August 15, 2016, at approximately 9:33 AM, nine minutes after the EMTs' arrival, STEVEN TAYLOR was transported to Iroquois Memorial Hospital in Watseka, IL 60970.

75. After being admitted to Iroquois Memorial Hospital, the emergency room (herein after as "ER") informed Plaintiff GLORIA TAYLOR and Shannon and Serena Taylor that STEVEN TAYLOR had not been breathing for approximately 20-30 minutes.

76. On or about August 17, 2016, STEVEN TAYLOR was moved to St. Mary's Hospital in Kankakee, Illinois 60901.

77. On or about August 17, 2016, while under the care of St. Mary's Hospital, STEVEN TAYLOR received a chest tube and stomach tube.

78. On or about August 22, 2016 STEVEN TAYLOR was diagnosed with E-Coli Pneumonia.

79. On or about August 23, 2016 STEVEN TAYLOR suffered respiratory failure.

80. On or about August 24, 2016 STEVEN TAYLOR was taken off life support equipment.

81. On or about August 25, 2016 STEVEN TAYLOR suffered an altered mental state due to cardiac arrest.

82. On or about August 27, 2016 STEVEN TAYLOR received further testing.

83. On or about August 28, 2016 at 12:26 AM, STEVEN TAYLOR succumbed to injuries resulting from Defendant Officer JOSEPH GARRETT's actions and passed away from anoxic encephalophay, acute hypoxic respiratory failure and cardiac arrest.

84. At the time of his death, Decedent, STEVEN TAYLOR, was survived by his wife Plaintiff GLORIA TAYLOR; son Nicholas James Davis, daughter, Samantha A (Danny) Davis, step-daughter, Kathy A (Jesus) Martinez, step-sons Paul A. Martinez and Raul (Ratiana) Martinez, and many other family members.

85. Decedent's wife, Plaintiff GLORIA TAYLOR was dependent upon the Decedent's services, support, society, companionship, love and affection, during and for the expected remainder of his life, of which she was deprived as a direct and proximate result of STEVEN TAYLOR's death on August 28, 2016.

86. Defendant Officer JOSEPH GARRETT was informed by Plaintiff GLORIA TAYLOR, Serena Taylor and Shannon Taylor on multiple occasions that STEVEN TAYLOR had diabetes and heart problems.

87. Defendant Officer JOSEPH GARRETT was aware STEVEN TAYLOR had diabetes and heart problems.

88. Officers of the Milburn Police Department routinely arrived at the scene of a 911 call before EMTs.

89. In or around 2016, STEVEN TAYLOR suffered an asthma attack. It took the EMTs 15 minutes to arrive on scene.

90. Without provocation and while Plaintiff STEVEN TAYLOR was not posing a threat of harm to Defendant Officer JOSEPH GARRETT, unnecessarily pinned STEVEN

10

TAYLOR face down into a bed causing Plaintiff STEVEN TAYLOR to vomit, suffocate on his own vomit and go into cardiac arrest resulting in his death.

## CLAIMS FOR RELIEF

### COUNT I – Willful and Wanton Conduct - Wrongful Death
*(Estate of Steven Taylor v. City of Milford)*

91. Plaintiff GLORIA TAYLOR hereby adopts and re-alleges all preceding paragraphs as though fully set forth herein.

92. Plaintiff, GLORIA TAYLOR, is the duly appointed Independent Administrator of the Estate of STEVEN TAYLOR, deceased, having been so appointed on May, 12 2016 by the Circuit Court of Iroquois County.

93. Plaintiff, GLORIA TAYLOR, as Independent Administrator of the Estate of STEVEN TAYLOR, deceased, brings this cause of action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known as the Illinois Wrongful Death Act.

94. On August 15, 2016, at or around 9:21 AM, Defendant Officer GARRETT, acting as a duly authorized agent of Defendant CITY OF MILFORD, undertook to interfere with and excessively restrain Plaintiff STEVEN TAYLOR.

95. At said time and place, Defendant Officer GARRETT restrained and pinned Plaintiff STEVEN TAYLOR face down into the bed through the use of unreasonable and dangerous physical force without justification.

96. On August 15, 2016, and at all relevant times, THE CITY OF MILFORD, by and through its agents and employees, owed a duty to STEVEN TAYLOR to refrain from willful and wanton misconduct, including the use of excessive force, during the performance of their duties as police officers.

97. On August 15, 2016, in breach of said duty, Defendant THE CITY OF MILFORD, by and through its agents, employees and officers, was willful and wanton in one or more of the following respects:

a) With an utter indifference and conscious disregard for Plaintiff STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD by and through Defendant Officer GARRETT improperly restrained STEVEN TAYLOR by forcefully putting his hands on STEVEN TAYLOR;

b) With an utter indifference and conscious disregard for Plaintiff STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD, by and through Defendant Officer GARRETT dangerously and improperly restrained STEVEN TAYLOR pinning him face down to a bed;

c) With an utter indifference and conscious disregard for Plaintiff STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD, by and through Defendant Officer GARRETT used a level of force that Defendant knew, or should have known, was excessive under the circumstances;

d) With an utter indifference and conscious disregard for Plaintiff STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD, by and through Defendant Officer GARRETT used an unreasonable amount of force in relationship to the threat of force posed by the STEVEN TAYLOR;

e) With an utter indifference and conscious disregard for Plaintiff STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD, by and through Defendant Officer GARRETT used excessive force in violation of Milford Police Department's policy which expressly prohibits use of excessive force;

f) With an utter indifference and conscious disregard for Plaintiff STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD, by and through Defendant Officer GARRETT Defendant Officer GARRETT failed to use less dangerous means of restraint on STEVEN TAYLOR by forcefully restraining him and putting his hands on STEVEN TAYLOR;

g) With an utter indifference and conscious disregard for Plaintiff STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD, by and through Defendant Officer GARRETT failed to use less dangerous means of restraint on STEVEN TAYLOR before pinning him face down to a bed, as STEVEN TAYLOR was not engaged in conduct that would justify such force;

h) With an utter indifference and conscious disregard for Plaintiff STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD failed to implement and

12

adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois;

i) With an utter indifference and conscious disregard for Plaintiff STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD failed to properly instruct, train and implement a sufficient use of force policy or continuum, consistent with that used by law enforcement agencies in Illinois;

j) With an utter indifference and conscious disregard for Plaintiff STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD, by and through Defendant Officer GARRETT used an unreasonable amount of force despite Defendant's knowledge that STEVEN TAYLOR was not posing a threat of great bodily harm or death upon Defendant or any other person; and/or

k) With an utter indifference and conscious disregard for Plaintiff STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD, by and through Defendant Officer GARRETT used an unreasonable amount of force despite Defendant's knowledge that STEVEN TAYLOR was diabetic; and,

m) Was otherwise willful and wanton.

98. In the course of the aforementioned willful and wanton acts and omissions, Defendant Officer GARRETT was acting within the course and scope of his employment with the Milford Police Department, through Defendant CITY OF MILFORD, and thus CITY OF MILFORD is liable based on the theory *of respondeat superior.*

99. As a direct and proximate result of the foregoing wrongful acts, STEVEN TAYLOR was caused to suffer damages, including pain, suffering, and death.

100.        At the time of his death, Decedent, STEVEN TAYLOR, was survived by his wife Plaintiff GLORIA TAYLOR; son Nicholas James Davis, daughter, Samantha A (Danny) Davis, step-daughter, Kathy A (Jesus) Martinez, step-sons Paul A. Martinez and Raul (Ratiana) Martinez, and many other family members.

101.        Decedent's wife, Plaintiff GLORIA TAYLOR was dependent upon the Decedent's services, support, society, companionship, love and affection, during and for the

13

expected remainder of his life, of which she was deprived as a direct and proximate result of STEVEN TAYLOR's death on August 28, 2016.

102.     As a further direct and proximate result of STEVEN TAYLOR's death on August 28, 2016, Decedent's wife, Plaintiff GLORIA TAYLOR, was caused to experience substantial grief, sorrow, and mental suffering, and was caused to incur expenses for the funeral and burial of Decedent, for which they are entitled to compensation.

WHEREFORE, Plaintiff GLORIA TAYLOR, individually and as Independent Administrator of the Estate of Steven Taylor, Deceased, respectfully requests that this Court enter judgment against Defendant, CITY OF MILFORD, a Municipal Corporation, awarding compensatory damages in an amount in excess of seventy-five thousand dollars ($75,000.00), and any further relief this Court deems just.

### COUNT II – Willful and Wanton Conduct - Wrongful Death
*(Estate of Steven Taylor v. Defendant Officer Joseph Garrett)*

103.     Plaintiff GLORIA TAYLOR hereby adopts and re-alleges all preceding paragraphs as though fully set forth herein.

104.     Plaintiff, GLORIA TAYLOR, is the duly appointed Independent Administrator of the Estate of STEVEN TAYLOR, deceased, having been so appointed on May, 12 2016 by the Circuit Court of Iroquois County.

105.     Plaintiff, GLORIA TAYLOR, as Independent Administrator of the Estate of Steven Taylor, deceased, brings this cause of action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known as the Illinois Wrongful Death Act.

106.     On August 15, 2016, Defendant Officer JOSEPH GARRETT, undertook to interfere with and excessively restrain STEVEN TAYLOR.

14

107.    At said time and place, Defendant Officer JOSEPH GARRETT restrained Plaintiff STEVEN TAYLOR through the use of unreasonable and dangerous physical force, without justification.

108.    As a direct and proximate result of the foregoing wrongful acts, STEVEN TAYLOR suffered damages, including physical and emotional injuries.

109.    On August 15, 2016, and at all relevant times, members of the Milford Police Department, including Defendant Officer JOSEPH GARRETT, owed a duty to STEVEN TAYLOR to refrain from willful and wanton misconduct, including the use of excessive force, during the performance of his duties as a police officer.

110.    On August 15, 2016, in breach of said duty, Defendant Officer JOSEPH GARRETT  was willful and wanton in one or more of the following respects:

a) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT improperly restrained STEVEN TAYLOR by forcefully putting his hands on STEVEN TAYLOR;

b) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT dangerously and improperly restrained STEVEN TAYLOR pinning him face down to a bed;

c) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT used a level of force that Defendant knew, or should have known, was excessive under the circumstances;

d) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT used an unreasonable amount of force in relationship to the threat of force posed by the STEVEN TAYLOR;

e) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT used excessive force in violation of Milford Police Department's policy which expressly prohibits use of excessive force;

f) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT failed to use less dangerous means of restraint on STEVEN TAYLOR by forcefully restraining him and putting his hands on STEVEN TAYLOR;

15

g) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT failed to use less dangerous means of restraint on STEVEN TAYLOR before pinning him face down to a bed, as Plaintiff STEVEN TAYLOR was not engaged in conduct that would justify such force;

h) With an utter indifference and conscious disregard for Plaintiff STEVEN TAYLOR's safety, Defendant Officer GARRETT used an unreasonable amount of force despite Defendant's knowledge that STEVEN TAYLOR was not posing a threat of great bodily harm or death upon Defendant or any other person; and/or

i) With an utter indifference and conscious disregard for Plaintiff STEVEN TAYLOR's safety, Defendant Officer GARRETT used an unreasonable amount of force despite Defendant's knowledge that STEVEN TAYLOR was diabetic; and,

k) Was otherwise willful and wanton.

111. As a direct and proximate result of the foregoing wrongful acts, Plaintiff STEVEN TAYLOR was caused to suffer damages, including pain, suffering, and death.

112. At the time of his death, Decedent, Plaintiff STEVEN TAYLOR, was survived by his wife Plaintiff GLORIA TAYLOR; son Nicholas James Davis, daughter, Samantha A (Danny) Davis, step-daughter, Kathy A (Jesus) Martinez, step-sons Paul A. Martinez and Raul (Ratiana) Martinez, and many other family members.

113. Decedent's wife and next-of-kin, GLORIA TAYLOR was dependent upon the Decedent's services, support, society, companionship, love and affection, during and for the expected remainder of his life, of which they were deprived as a direct and proximate result of STEVEN TAYLOR's death on August 28, 2016.

114. As a further direct and proximate result of STEVEN TAYLOR's death on August 28, 2016, Decedent's wife and next-of-kin, namely, GLORIA TAYLOR was caused to experience substantial grief, sorrow, and mental suffering, and was caused to incur expenses for the funeral and burial of Decedent, for which they are entitled to compensation.

WHEREFORE, Plaintiff GLORIA TAYLOR, individually and as Independent Administrator of the Estate of Steven Taylor, Deceased, respectfully requests that this Court enter judgment against Defendant Officer GARRETT, awarding compensatory damages in an amount in excess of seventy-five thousand dollars ($75,000.00), and any further relief this Court deems just.

## COUNT III –Willful and Wanton Conduct- Survival Action
### (Estate of Steven Taylor v. The City of Milford)

115.     Plaintiff GLORIA TAYLOR hereby adopts and re-alleges all preceding paragraphs as though fully set forth herein.

116.     Plaintiff, GLORIA TAYLOR, is the duly appointed Independent Administrator of the Estate of STEVEN TAYLOR, deceased, having been so appointed on May, 12 2016 by the Circuit Court of Iroquois County.

117.     Plaintiff, GLORIA TAYLOR, as Independent Administrator of the Estate of Steven Taylor, deceased, brings this cause of action pursuant to the provisions of 755 ILCS 5/27-6, et seq., commonly known as the Illinois Survival Act.

118.     On August 15, 2016, Defendant Officer JOSEPH GARRETT, undertook to interfere with and excessively restrain Plaintiff STEVEN TAYLOR.

119.     At said time and place, Defendant Officer JOSEPH GARRETT restrained Plaintiff STEVEN TAYLOR through the use of unreasonable and dangerous physical force, without justification.

120.     As a direct and proximate result of the foregoing wrongful acts, STEVEN TAYLOR suffered damages, including physical and emotional injuries.

121.     On August 15, 2016, and at all relevant times, members of the Milford Police Department, including Defendant Officer JOSEPH GARRETT, owed a duty to

17

STEVEN TAYLOR to refrain from willful and wanton misconduct, including the use of excessive force, during the performance of his duties as a police officer.

122.    On August 15, 2016, in breach of said duty, Defendant Officer JOSEPH GARRETT  was willful and wanton in one or more of the following respects:

a) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD by and through Defendant Officer GARRETT improperly restrained STEVEN TAYLOR by forcefully putting his hands on STEVEN TAYLOR;

b) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD, by and through Defendant Officer GARRETT dangerously and improperly restrained STEVEN TAYLOR pinning him face down to a bed;

c) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD, by and through Defendant Officer GARRETT used a level of force that Defendant knew, or should have known, was excessive under the circumstances;

d) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD, by and through Defendant Officer GARRETT used an unreasonable amount of force in relationship to the threat of force posed by the STEVEN TAYLOR;

e) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD, by and through Defendant Officer GARRETT used excessive force in violation of Milford Police Department's policy which expressly prohibits use of excessive force;

f) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD, by and through Defendant Officer GARRETT Defendant Officer GARRETT failed to use less dangerous means of restraint on STEVEN TAYLOR by forcefully restraining him and putting his hands on STEVEN TAYLOR;

g) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD, by and through Defendant Officer GARRETT failed to use less dangerous means of restraint on STEVEN TAYLOR before pinning him face down to a bed, as STEVEN TAYLOR was not engaged in conduct that would justify such force;

18

h) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois;

i) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD failed to properly instruct, train and implement a sufficient use of force policy or continuum, consistent with that used by law enforcement agencies in Illinois;

j) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD, by and through Defendant Officer GARRETT used an unreasonable amount of force despite Defendant's knowledge that STEVEN TAYLOR was not posing a threat of great bodily harm or death upon Defendant or any other person; and/or

k) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant THE CITY OF MILFORD, by and through Defendant Officer GARRETT used an unreasonable amount of force despite Defendant's knowledge that STEVEN TAYLOR was diabetic; and,

l) Was otherwise willful and wanton.

123. In the course of the aforementioned willful and wanton acts and omissions, Officer GARRETT was acting within the course and scope of his employment with the Milford Police Department under Defendant THE CITY OF MILFORD, and thus THE CITY OF MILFORD is liable based on the theory *of respondeat superior.*

124. As a direct and proximate result of Defendants' willful and wanton acts and omissions, Plaintiff STEVEN TAYLOR suffered damages, including physical and emotional injuries, past medical expenses, and conscious pain and suffering.

125. As a further direct and proximate result of one or more of the foregoing acts and/or omissions, caused Decedent, STEVEN TAYLOR, to lose his chance of survival.

126. As a further direct and proximate result of Defendants' willful and wanton acts, Plaintiff STEVEN TAYLOR, suffered injuries of a personal and pecuniary nature, including without limitation, disability, disfigurement, pain and suffering, emotional trauma,

19

and loss of chance of survival, for which Plaintiff STEVEN TAYLOR would have been entitled to receive compensation from the defendants, had he survived.

127.    Plaintiff GLORIA TAYLOR, as Independent Administrator of the Estate of Steven Taylor, deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Statute.

WHEREFORE, GLORIA TAYLOR, individually and as Independent Administrator of the Estate of Steven Taylor, Deceased, respectfully requests that this Court enter judgment against Defendant, THE CITY OF MILFORD, a Municipal Corporation, awarding compensatory damages in an amount in excess of seventy-five thousand dollars ($75,000.00), and any further relief this Court deems just.

## COUNT IV - Willful and Wanton Conduct- Survival Action
### *(Estate of Steven Taylor v. Defendant Officer Garrett)*

128.    Plaintiff GLORIA TAYLOR hereby adopts and re-alleges all preceding paragraphs as though fully set forth herein.

129.    Plaintiff, GLORIA TAYLOR, is the duly appointed Independent Administrator of the Estate of Steven Taylor, deceased, having been so appointed on May, 12 2016 by the Circuit Court of Iroquois County.

130.    Plaintiff, GLORIA TAYLOR, as Independent Administrator of the Estate of Steven Taylor, deceased, brings this cause of action pursuant to the provisions of 755 ILCS 5/27-6, et seq., commonly known as the Illinois Survival Act.

131.    On August 15, 2016, at or around 9:21 AM, Defendant Officer GARRETT, acting as a duly authorized agent of Defendant, THE CITY OF MILFORD undertook to interfere with and excessively restrain STEVEN TAYLOR.

132.    At said time and place, Defendant Officer GARRETT restrained STEVEN TAYLOR through the use of unreasonable and dangerous physical force without justification.

133.    On August 15, 2016, and at all relevant times, members of the Milford Police Department, including Defendant Officer GARRET, acting as a duly authorized agent of Defendant THE CITY OF MILFORD, owed a duty to STEVEN TAYLOR to refrain from willful and wanton misconduct, including the use of excessive force, during the performance of their duties as a police officer.

134.    On August 15, 2016, in breach of said duty, Defendant Officer GARRETT was willful and wanton in one or more of the following respects:

a) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT improperly restrained STEVEN TAYLOR by forcefully putting his hands on STEVEN TAYLOR;

b) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT dangerously and improperly restrained STEVEN TAYLOR pinning him face down to a bed;

c) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT used a level of force that Defendant knew, or should have known, was excessive under the circumstances;

d) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT used an unreasonable amount of force in relationship to the threat of force posed by the STEVEN TAYLOR;

e) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT used excessive force in violation of Milford Police Department's policy which expressly prohibits use of excessive force;

f) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT failed to use less dangerous means of restraint on STEVEN TAYLOR by forcefully restraining him and putting his hands on STEVEN TAYLOR;

21

g) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT failed to use less dangerous means of restraint on STEVEN TAYLOR before pinning him face down to a bed, as Plaintiff STEVEN TAYLOR was not engaged in conduct that would justify such force;

h) With an utter indifference and conscious disregard for Plaintiff STEVEN TAYLOR's safety, Defendant Officer GARRETT used an unreasonable amount of force despite Defendant's knowledge that STEVEN TAYLOR was not posing a threat of great bodily harm or death upon Defendant or any other person; and/or

i) With an utter indifference and conscious disregard for Plaintiff STEVEN TAYLOR's safety, Defendant Officer GARRETT used an unreasonable amount of force despite Defendant's knowledge that STEVEN TAYLOR was diabetic; and,

j) Was otherwise willful and wanton.

135.     As a direct and proximate result of Defendants' willful and wanton acts and omissions, STEVEN TAYLOR suffered damages, including physical and emotional injuries, past medical expenses, and conscious pain and suffering.

136.     As a further direct and proximate result of one or more of the foregoing acts and/or omissions, caused Decedent, STEVEN TAYLOR, to lose his chance of survival.

137.     As a further direct and proximate result of Defendants' willful and wanton acts, STEVEN TAYLOR, suffered injuries of a personal and pecuniary nature, including without limitation, disability, disfigurement, pain and suffering, emotional trauma, and loss of chance of survival, for which STEVEN TAYLOR would have been entitled to receive compensation from the defendants, had he survived.

138.     Plaintiff, GLORIA TAYLOR, as Independent Administrator of the Estate of Steven Taylor, deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Statute.

WHEREFORE, GLORIA TAYLOR, individually and as Independent Administrator of the Estate of Steven Taylor, Deceased, respectfully requests that this Court enter judgment against Defendant Officer GARRETT, awarding compensatory damages in an amount in excess seventy-five thousand dollars ($75,000.00), and any further relief this Court deems just.

**COUNT V – Battery- Survival Action**
*(Estate of Steven Taylor v. Defendant Officer Garrett)*

139.    Plaintiff GLORIA TAYLOR hereby adopts and re-alleges all preceding paragraphs as though fully set forth herein.

140.    Plaintiff, GLORIA TAYLOR, is the duly appointed Independent Administrator of the Estate of Steven Taylor, deceased, having been so appointed on May, 12 2016 by the Circuit Court of Iroquois County.

141.    Plaintiff, GLORIA TAYLOR, as Independent Administrator of the Estate of Steven Taylor, deceased, brings this cause of action pursuant to the provisions of 755 ILCS 5/27-6, et seq., commonly known as the Illinois Survival Act.

142.    On August 15, 2016, Defendant Officer GARRETT willfully and wantonly battered STEVEN TAYLOR when Defendant Officer GARRETT excessively retrained STEVEN TAYLOR without justification in one or more of the following respects:

> a) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT improperly restrained STEVEN TAYLOR by forcefully putting his hands on STEVEN TAYLOR;

> b) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT dangerously and improperly restrained STEVEN TAYLOR pinning him face down to a bed;

> c) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT failed to use less dangerous means of

23

restraint on STEVEN TAYLOR by forcefully restraining him and putting his hands on STEVEN TAYLOR;

d) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT failed to use less dangerous means of restraint on STEVEN TAYLOR before pinning him face down to a bed, as Plaintiff STEVEN TAYLOR was not engaged in conduct that would justify such force; and,

e) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT used an unreasonable amount of force despite Defendant's knowledge that STEVEN TAYLOR was not posing a threat of great bodily harm or death upon Defendant or any other person.

143.    These acts constituted harmful and unlawful touching of Plaintiff STEVEN TRAYLOR's person and were conducted without STEVEN TAYLOR's consent.

144.    As a direct and proximate result of Defendant's acts, STEVEN TAYLOR suffered damages, including physical and emotional injuries, past medical expenses, and conscious pain and suffering.

145.    As a further direct and proximate result of the foregoing acts Defendant caused Decedent, STEVEN TAYLOR, to lose his chance of survival.

146.    As a further direct and proximate result of Defendant's acts, STEVEN TAYLOR, suffered injuries of a personal and pecuniary nature, including without limitation, disability, disfigurement, pain and suffering, emotional trauma, and loss of chance of survival, for which STEVEN TAYLOR would have been entitled to receive compensation from the defendants, had he survived.

147.    Plaintiff GLORIA TAYLOR, as Independent Administrator of the Estate of STEVEN TAYLOR, deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Statute.

24

WHEREFORE, GLORIA TAYLOR, individually and as Independent Administrator of the Estate of STEVEN TAYLOR, Deceased, respectfully requests that this Court enter judgment against Defendant Officer GARRETT, awarding compensatory damages in an amount in excess of seventy-five thousand dollars ($75,000.00), and any further relief this Court deems just.

### COUNT V – Battery - Wrongful Death
*(Estate of Steven Taylor v. Defendant Officer Garrett)*

148.    Plaintiff GLORIA TAYLOR hereby adopts and re-alleges all preceding paragraphs as though fully set forth herein.

149.    Plaintiff, GLORIA TAYLOR, is the duly appointed Independent Administrator of the Estate of Steven Taylor, deceased, having been so appointed on May, 12 2016 by the Circuit Court of Iroquois County.

150.    Plaintiff, GLORIA TAYLOR, as Independent Administrator of the Estate of STEVEN TAYLOR, deceased, brings this cause of action pursuant to the provisions of 740 ILCS 180/1, *et seq.*, commonly known as the Illinois Wrongful Death Act.

151.    On August 15, 2016, Defendant Officer GARRETT willfully and wantonly battered STEVEN TAYLOR when Defendant Officer GARRETT excessively retrained STEVEN TAYLOR without justification in one or more of the following respects:

a) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT improperly restrained STEVEN TAYLOR by forcefully putting his hands on STEVEN TAYLOR;

b) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT dangerously and improperly restrained STEVEN TAYLOR pinning him face down to a bed;

25

c) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT failed to use less dangerous means of restraint on STEVEN TAYLOR by forcefully restraining him and putting his hands on STEVEN TAYLOR;

d) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT failed to use less dangerous means of restraint on STEVEN TAYLOR before pinning him face down to a bed, as Plaintiff STEVEN TAYLOR was not engaged in conduct that would justify such force; and,

e) With an utter indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT used an unreasonable amount of force despite Defendant's knowledge that STEVEN TAYLOR was not posing a threat of great bodily harm or death upon Defendant or any other person.

152.    These acts constituted harmful and unlawful touching of Plaintiff STEVEN TRAYLOR's person and were conducted without STEVEN TAYLOR's consent.

153.    As a direct and proximate result of Defendant's acts, STEVEN TAYLOR suffered damages, including physical and emotional injuries, past medical expenses, and conscious pain and suffering.

154.    As a further direct and proximate result of the foregoing acts Defendant caused Decedent, STEVEN TAYLOR, to lose his chance of survival.

155.    As a further direct and proximate result of Defendant's acts, STEVEN TAYLOR, suffered injuries of a personal and pecuniary nature, including without limitation, disability, disfigurement, pain and suffering, emotional trauma, and loss of chance of

26

survival, for which STEVEN TAYLOR would have been entitled to receive compensation from the defendants, had he survived.

156.    Plaintiff GLORIA TAYLOR, as Independent Administrator of the Estate of STEVEN TAYLOR, deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Illinois Survival Statute.

WHEREFORE, GLORIA TAYLOR, individually and as Independent Administrator of the Estate of STEVEN TAYLOR, Deceased, respectfully requests that this Court enter judgment against Defendant Officer GARRETT, awarding compensatory damages in an amount in excess of seventy-five thousand dollars ($75,000.00), and any further relief this Court deems just.

### Count VI- 42 U.S.C. § 1983 - Excessive Force
*(Estate of Steven Taylor v. Defendant Officer Garrett)*

157.    Plaintiff GLORIA TAYLOR hereby adopts and re-alleges all preceding paragraphs as though fully set forth herein.

158.    Plaintiff, GLORIA TAYLOR, is the duly appointed Independent Administrator of the Estate of Steven Taylor, deceased, having been so appointed on May, 12 2016 by the Circuit Court of Iroquois County.

159.    Plaintiff, GLORIA TAYLOR, as Independent Administrator of the Estate of STEVEN TAYLOR, deceased, brings this cause of action pursuant to the provisions of 42 U.S.C. § 1983.

160.     At all times relevant, Defendant Officer JOSEPH GARRETT was an authorized officer, agent, and/or employee of Milford Police Department, and was acting in the course of their employment and under color of state law.

161.    At all times relevant, it was the duty of Defendant Officer JOSEPH GARRETT, individually and as an officer, agent and/or employee of THE CITY OF MILFORD, to refrain from using unreasonable excessive force against others, including STEVEN TAYLOR.

162.    On August 15, 2016, in breach of said duty, Defendant Officer JOSEPH GARRETT used unreasonable and excessive force in violation of the United States Constitution by engaging in the following acts or omissions:

a) With willful indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT improperly restrained STEVEN TAYLOR by forcefully putting his hands on STEVEN TAYLOR;

b) With willful indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT dangerously and improperly restrained STEVEN TAYLOR pinning him face down to a bed;

c) With willful indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT used a level of force that Defendant knew, or should have known, was excessive under the circumstances;

d) With willful indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT used an unreasonable amount of force in relationship to the threat of force posed by the STEVEN TAYLOR;

e) With willful indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT used excessive force in violation of Milford Police Department's policy which expressly prohibits use of excessive force;

f) With willful indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT failed to use less dangerous means of restraint on STEVEN TAYLOR by forcefully restraining him and putting his hands on STEVEN TAYLOR;

g) With willful indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT failed to use less dangerous means of restraint on STEVEN TAYLOR before pinning him face down to a bed, as Plaintiff STEVEN TAYLOR was not engaged in conduct that would justify such force;

h) With willful indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT used an unreasonable amount of force despite Defendant's knowledge that STEVEN TAYLOR was not punching, striking, or otherwise battering any officer or other person;

i) With willful indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT used an unreasonable amount of force despite Defendant's knowledge that STEVEN TAYLOR was not posing a threat of great bodily harm or death upon Defendant or any other person; and/or

j) With willful indifference and conscious disregard for STEVEN TAYLOR's safety, Defendant Officer GARRETT used an unreasonable amount of force despite Defendant's knowledge that STEVEN TAYLOR was diabetic; and,

k) Was otherwise willfully indifferent and had conscious disregard for STEVEN TAYLOR's safety.

163. At all times relevant, the aforementioned conduct of Defendant Officer JOSEPH GARRETT, constituted unreasonable excessive force in violation of the United States Constitution.

164. The actions of Defendant Officer JOSEPH GARRETT were objectively unreasonable and were undertaken intentionally with willful indifference and conscious disregard to STEVEN TAYLOR's constitutional rights.

165. The actions of Defendant Officer JOSEPH GARRETT would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the time that GARRETT used such force.

166. The actions of Defendant Officer JOSEPH GARRETT were undertaken with malice, willfulness, wantonness, and reckless indifference to the rights and safety of STEVEN TAYLOR and warrant the imposition of punitive damages as to Defendant Officer JOSEPH GARRETT.

167.    As a proximate cause of Defendants' unreasonable and excessive use of force, STEVEN TAYLOR experienced injuries, including physical and psychological pain and suffering, and ultimately death.

WHEREFORE, GLORIA TAYLOR, individually and as Independent Administrator of the Estate of STEVEN TAYLOR, Deceased, respectfully requests that this Court enter judgment against Defendant Officer GARRETT, awarding compensatory damages in an amount in excess of seventy-five thousand dollars ($75,000.00), and any further relief this Court deems just.

## Count VII- 42 U.S.C. §1983 - Monell Claim
### *(Estate of Steven Taylor v. Defendant The City of Milford)*

168.    Plaintiff GLORIA TAYLOR hereby adopts and re-alleges all preceding paragraphs as though fully set forth herein.

169.    Plaintiff, GLORIA TAYLOR, is the duly appointed Independent Administrator of the Estate of Steven Taylor, deceased, having been so appointed on May, 12 2016 by the Circuit Court of Iroquois County.

170.    Plaintiff, GLORIA TAYLOR, as Independent Administrator of the Estate of STEVEN TAYLOR, deceased, brings this cause of action pursuant to the provisions of 42 U.S.C. § 1983.

171.    STEVEN TAYLOR had a constitutional right to be free from excessive force, restraint and battery by Defendant Officer JOSEPH GARRETT.

172.    At all times relevant, Defendant Officer JOSEPH GARRETT was an authorized officer, agent, and/or employee of Milford Police Department, and was acting in the course of their employment and under color of state law and constitute a state action.

30

173.     At all times relevant to this complaint, Defendant Officer JOSEPH GARRETT was employed by Defendant CITY OF MILFORD. All actions performed by Defendant Officer JOSEPH GARRETT were done under color of state law and constitute state action.

174.     At all relevant times, Defendant CITY OF MILFORD had in effect policies, practices, or customs that condoned and fostered the unconstitutional conduct of Defendant Officer JOSEPH GARRETT.

175.     Upon information and belief, Defendant CITY OF MILFORD, including its agents, employees, and/or officers, policymakers and supervisors maintained, *inter alia*, the following unconstitutional customs, practices, and/or policies:

a.  Failing to properly train officers to appropriately respond to medical emergencies;

b.  Failing to properly train officers to recognize the symptoms of a medical emergency;

c.  Failing to properly train officers to properly administer CPR;

d.  Failing to properly train officers on using appropriate levels of force;

e.  Using excessive force while investigating possible medical emergencies;

f.  Providing inadequate training regarding how to investigate or detain and the proper amount of force that can be used in various circumstances; and,

g.  Inadequately supervising, training, controlling, assigning, and disciplining police officers and other personnel, including Defendant GARRETT;

176.     As such, Defendant CITY OF MILFORD was deliberately indifferent and reckless with respect to the potential violation of constitutional rights.

177. Defendant CITY OF MILFORD's policies, practices, customs, and/or failures were the moving force behind the actions of Defendant resulting in the injuries to Plaintiff.

178. The failure to train and supervise constituted an official custom or practice of Defendant CITY OF MILFORD.

179. Responding to medical emergencies is a usual and recurring situation with which the agents of Defendant CITY OF MILFORD encounter on a regular basis.

180. The employees, agents and/or officers of Defendant CITY OF MILFORD deprived STEVEN TAYLOR of his right to be free from excessive force.

181. Defendant CITY OF MILFORD had actual and/or constructive knowledge of the deficient policies, practices and customs alleged above. Despite having knowledge of the above, the Defendant condoned, tolerated and through its own actions or inactions thereby ratified such policies. Defendant also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff.

182. The policies, customs, and practices of Defendant CITY OF MILFORD described in this complaint were the moving force behind Defendant Officer JOSEPH GARRETT's use of excessive force to restrain STEVEN TAYLOR.

183. As a direct and proximate result of the Constitutional violations caused by the Defendant Officer JOSEPH GARRETT as an employee of Defendant CITY OF MILFORD, STEVEN TAYLOR suffered violations of his Constitutional rights guaranteed to him by the Fourth Amendment, as well as other provisions, of the United States Constitution, and suffered physical and emotional injuries.

184.    Moreover, as a result of Defendant Officer JOSEPH GARRETT's conduct, and Defendant CITY OF MILFORD, Plaintiff suffered injuries and is entitled to recover all damages allowable for constitutional violations such as 42 USC § 1983, including compensatory damages, special damages, economic damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 USC § 1988.

WHEREFORE, GLORIA TAYLOR, individually and as Independent Administrator of the Estate of STEVEN TAYLOR, Deceased, respectfully requests that this Court enter judgment against Defendant Officer GARRETT, awarding compensatory damages in an amount in excess of seventy-five thousand dollars ($75,000.00), and any further relief this Court deems just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GLORIA TAYLOR, individually and as Independent Administrator of the Estate of STEVEN TAYLOR respectfully requests the following relief:

(A) Compensatory damages, in an amount to be ascertained at trial, for the excessive force and battery committed upon STEVEN TAYLOR, complained of herein.

(B) Punitive damages from individual Defendant Officer, in an amount to be ascertained at trial, for Defendants' willful and wanton conduct and deliberate indifference to STEVEN TAYLOR'S constitutional rights.

(C) Attorneys' fees, costs, and expenses, pursuant to 42 U.S.C. § 1988 and the Illinois Civil Rights Act of 2003, 740 ILCS 23/1 et seq.

Such other and further relief as this Court may deem just and proper.

Respectfully Submitted,
ROMANUCCI & BLANDIN, LLC

33

34

Date: August 10, 2017                               s/ Bhavani Raveendran
                                                    Attorney for Plaintiff
                                                    Bhavani Raveendran
                                                    **ROMANUCCI & BLANDIN, LLC**
                                                    321 North Clark Street, Suite 900
                                                    Chicago, Illinois 60654
                                                    (312) 458-1000
                                                    Raveendran/ ARDC No.: 6309968